1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL ROGERS,

              Plaintiff,

      v.

JOHN AND JANE DOE,

              Defendants.

Case No.  C05-5231FDB

ORDER STRIKING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND DIRECTING
PLAINTIFF TO FILE A SECOND
AMENDED COMPLAINT

      This civil rights matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil

Procedure.  On April 4th, 2005 plaintiff was granted *in forma pauperis* status.  (Dkt. # 3).  That same day

the court ordered plaintiff to show cause or amend the complaint.  (Dkt # 5).  The original complaint did

not set forth any facts showing how the named defendant, Cheryl Sullivan, mail room sargeant, had acted.

(Dkt. # 5).

      In response plaintiff filed an amended complaint which did not name sargeant Sullivan.  (Dkt. # 7)

The only defendants named are John and Jane Doe mail room personnel.  (Dkt. # 7).  Although the court

has attempted service, no one has accepted service by mail.  (Dkt. # 8).

      In September plaintiff sent a letter asking for the status of his case.  Because there was no motion

associated with this letter, the letter was not noted on the court's calendar and did not come to the courts'

1  attention until November when plaintiff's motion for summary judgement was ripe for review.  (Dkt. # 10
2  and 11).

3      The motion for summary judgment will not be considered by the court.  This action has not been
4  properly served on any defendant.  The court does not have in personam jurisdiction over any defendant.
5  Further. plaintiff has not provided the name of any person for the court to serve.

6      Normally a person has 120 days to serve the defendants.  Federal Rule of Civil Procedure 4 (m)
7  indicates that if service of a summons and complaint is not made within 120 days of filing the court shall
8  dismiss without prejudice unless the plaintiff can show good cause why service was not made within that
9  time.  Ignorance of the rules is not good cause.  Townsel v. County of Contra Costa, 820 F.2d 319, 320
10 (9th Cir.1987).  This case was commenced March 25th, 2005.  It has been more then120 days.

11     The above analysis and a plain reading of the rule would appear to indicate that dismissal without
12 prejudice is in order, but the standard of review is abuse of discretion which indicates the court has
13 discretion in deciding if dismissal is proper.  Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

14     The 9th Circuit has indicated that failure to comply with the service requirements does not mandate
15 dismissal and the rule should be given liberal and flexible construction as long as the defendant receives
16 sufficient notice of the complaint.  United Food & Commercial Workers Union v. Alpha Beta Co., 736
17 F.2d 1371, 1382 (9th Cir. 1984).  Failure to follow technical requirements does not warrant dismissal
18 where "(a) the party that had to be served personally received actual notice, (b) the defendants would
19 suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly,
20 and (d) the plaintiff would be severely prejudiced if his complaint were dismissed."  Borzeka v. Heckler,
21 739 F.2d 444, 447 (9th Cir. 1984).

22     Here, the plaintiff is proceeding IFP, he is incarcerated, and he is relying on the United States
23 government to perform serve of process.  The government has attempted to serve the appropriate
24 documents in a cost effective manner but there is no John or Jane Doe accepting service.  Dismissal would
25 mean the plaintiff would have to pay a second filing fee if he attempts to re-file this action.

26     In the interest of justice plaintiff should be given an opportunity to name the party he wishes to sue.
27 The court cannot serve a John or Jane Doe.  Therefore, the court ORDERS:

28     1.    Plaintiff shall have thirty days to file a second amended compliant.

       2.    If the complaint is not filed by **December 23rd, 2005**, does not name a proper party, or does

not state a claim against the named party the court will recommend dismissal of this action.

3.    Plaintiff will submit a copy of the complaint and filed out marshal service form for the newly named defendant.

4.    The clerk is directed to strike plaintiff's motion for summary judgment from the court's calendar and note a due date of **December 23rd, 2005** for plaintiff to have filed a second amended complaint and service documents.

DATED this 23rd day of November, 2005.

Karen L. Strombom
United States Magistrate Judge