UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL ROGERS,

                Plaintiff,

      v.

DOUG WADDINGTON, *et al*,

                Defendants.

Case No. C05-5231FDB/KLS

ORDER DENYING MOTION FOR ADDITIONAL TIME AND FOR DISCLOSURE

      This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 1, 3 and 4. Before the Court is Plaintiff's motion for additional time to respond to Defendants' answer and request for disclosure. (Dkt. # 51). Upon review of Plaintiff's motion and the file, the Court finds for the reasons stated herein, that the motion should be denied.

<u>DISCUSSION</u>

      On June 22, 2006, the U.S. Marshal Service made its first service attempt on Defendant Byron Jamtaas at the Stafford Creek Corrections Center (SCCC), using the name and address provided by Plaintiff. The process form was returned unexecuted with the notation "Person not at provided address." (Dkt. # 44). Plaintiff requested the Court for an order directing the U.S. Marshall to serve Defendant Jamtaas in person or, in the alternative, that the Marshal Service determine Defendant Jamtaas' current

ORDER
Page - 1

address. (Dkt. # 47). The Court denied that motion, based on Plaintiff's obligation to provide a proper service address. (Dkt. # 50). Plaintiff now requests additional time to reply to Defendants' Answer, specifically requesting that he not be required to reply to the answer until such time as the Defendants disclose an address where Byron Jamtaas can be served. (Dkt. # 51).

A.   **Plaintiff's Motion for Additional Time to File A Reply**

The federal rules do not contemplate a reply to an Answer. Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third party complaint is served. <u>No other pleading shall be allowed</u>, except that the court may order a reply to an answer or a third party-answer.

(Emphasis added). The Court has not ordered Plaintiff to reply to the Answer. Plaintiff is neither required nor permitted to file a reply to the Answer. Therefore, no additional time is required and Plaintiff's motion for additional time is moot.

B.   **Plaintiff's Request for Disclosure of Service Address**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed.R.Civ.P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshall, upon order of the court, shall serve the summons and complaint. Fed.R.Civ.P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting <u>Puett v. Blanford</u>, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause.'" <u>Walker</u>, 14 F.3d at 1422

(*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendant is appropriate.  Walker, 14 F.3d at 1421-22.

Plaintiff requests disclosure of Defendant Jamtaas' address so that he can effect service, relying on Fed. R. Civ. P. 26 and RCW 42.17, the Public Disclosure Act, as his prior attempts to serve Defendant Jamtaas at SCCC have proved unsuccessful.  Defendants advise that Byron Jamtaas is no longer employed at the SCCC and is no longer in the employment of the Washington State Department of Corrections. (Dkt. # 52, p. 3).  Defendants state further that they have no knowledge of Defendant Jamtas' present location and that they have advised Plaintiff of this in their Answer.  (Id.; Dkt. # 46, p. 2, n. 1).

Despite Plaintiff's *in forma pauperis* status, he must supply the information necessary to identify the defendants to be served.  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).  Defendants have affirmatively stated to the Court that they have no knowledge of Defendant Jamtaas' present location and accordingly, Plaintiff's discovery request must be denied.  Defendants can only be compelled to produce information that is in their possession or control.   If Plaintiff requires additional time to research and effect service, the Court will consider a motion for a good cause extension of time for an appropriate period pursuant to Fed.R.Civ.P. 4(m) for the purpose of serving Defendant Jamtaas.

DATED this  2nd  day of November, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3